IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RUSSELL ERIK DADE,<br><br>Defendant. | CR 25-94-BLG-SPW<br><br><br>ORDER ON DEFENDANT'S<br>MOTION IN LIMINE |

Defendant Russell Erik Dade ("Dade") filed an Opposed Motion in Limine (Doc. 28) seeking an order that precludes the Government from arguing: (1) that "ownership of firearms constitutes an act of either actual or constructive possession" of firearms, and (2) that Dade "exercised direct physical control over firearms while he was prohibited from doing so." (*Id.* 1–2). The Government opposes the Motion. (Doc. 31).

For the following reasons, Dade's Motion is granted in part and denied in part.

## I.     Background

In July 2025, Dade was under felony supervision with the State of Montana for a felony conviction of assault with a weapon. (Doc. 31 at 3). The Government alleges that on July 8, 2025, Montana State Probation and Parole officers ("Probation") conducted a home visit at Dade's residence in Laurel, Montana after

1

receiving a report from Dade's wife that he told her about manufacturing firearms and that he kept firearms in a cargo trailer on his employer's property. (*Id.*). A search of Dade's residence led to Probation's discovery of firearm parts, books on how to build firearms, and a title to the trailer where the firearms were allegedly located. (*Id.*). According to Dade's wife, Dade stored firearms in the trailer to avoid detection. (*Id.*).

A short distance away, Probation contacted Dade at his employer's property. (*Id.*). They discovered the trailer as described by Dade's wife and retrieved the keys from Dade's residence to open the trailer door. (*Id.*). Inside, they found numerous firearms, ammunition, and firearm parts. (*Id.*).

Probation read Dade his *Miranda* warning and recorded an interview with him. During the interview, he allegedly admitted that the trailer and firearms were his property, and that he built most of the firearms over the course of his life. (*Id.*). According to Dade, he moved the firearms into the trailer and off his property before his felony conviction to divest himself of possession while on supervision. (Doc. 29 at 2).

Based on Probation's discovery, a federal grand jury returned a two-count Indictment on August 7, 2025, charging Dade with Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and Illegal Possession of a Machine Gun, in violation of 18 U.S.C. § 922(o). (Doc. 4).

## II. Legal Standard

A motion in limine is a procedural mechanism to limit specific testimony or evidence in advance. *Frost v. BNSF Ry.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). The Court will grant a motion in limine if the contested evidence is inadmissible on all potential grounds. *Id.*

Rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change [their] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, the Court may readdress any of the parties' motions in limine as necessary at trial.

## III. Discussion

To succeed at trial, the Government must prove the following elements related to both charges: that Dade knowingly possessed a firearm or ammunition, 18 U.S.C. § 922(g)(1), and that he knowingly possessed a machinegun, 18 U.S.C. § 922(o). "A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it." Ninth Cir. Model Crim. Jury Instr. 6.15 (2017). This instruction is "all-inclusive, [meaning] there is no need to attempt to distinguish further between actual and constructive possession." *Id.* cmt. The Government may therefore satisfy the possession element if it proves that Dade possessed firearms in either of two ways:

3

(1) he knew of the firearms and physically controlled them, or (2) he knew of the firearms and had the power and intention to control them.

Here, Dade first asserts that the Government should be precluded from arguing that ownership of a firearm equates to possession of a firearm. (Doc. 29 at 4; Doc. 36 at 2). The Government and the Court agree with Dade that ownership of an item is not enough to prove possession. (Doc. 31 at 5 (citing *United States v. Casterline*, 103 F.3d 76, 78 (9th Cir. 1996)). In this respect, the Motion is granted. Therefore, the Government may not argue that Dade's ownership of firearms is enough to prove possession. *See Casterline*, 103 F.3d at 78.

Nonetheless, the parties and the Court agree that ownership of an item is relevant evidence as to whether a person possessed an item. (Doc. 36 at 2; Doc. 31 at 5); *Casterline*, 103 F.3d at 78; *United States v. Barron-Rivera*, 922 F.2d 549, 552 (9th Cir. 1991) (ownership is "a sufficient indicium of constructive possession"); *United States v. Frushon*, 10 F.3d 663, 665 (9th Cir. 1993) (from ownership, "[t]he jury could properly infer that he possessed the weapons"). Therefore, the Government may introduce evidence of ownership at trial because it is relevant to whether Dade possessed the firearms. *See* Fed. R. Evid. 401 (Evidence is relevant if has "any tendency" to prove or disprove a fact of consequence.).

Dade next asserts that the Government should be precluded from arguing that he exercised direct physical control over the firearms—that he actually possessed

4

the firearms. (Doc. 29 at 4; Doc. 36 at 3). It is Dade's position that there is "no evidence he physically possessed a firearm or accessed the trailer while he was [a] prohibited [person]." (Doc. 36 at 4). Yet, the Government indicates it has ample evidence to prove that Dade directly controlled the firearms. (Doc. 31 at 6).

Whether Dade physically controlled the firearms or had the power and intention to control the firearms is a question for the jury. *See* Ninth Cir. Model Crim. Jury Instr. 6.15. Moreover, absent a citation to any rule supporting preclusion, Dade provides no foundation for granting his request. In this respect, the Motion is denied. Therefore, the Government may introduce evidence that Dade was in actual possession of the firearms.

Nonetheless, Dade retains his right to cross-examine witnesses, object, submit proposed jury instructions, and argue at trial that the Government cannot meet its burden.

## IV.    Conclusion

For the reasons stated, IT IS HEREBY ORDERED that Defendant Russell Erik Dade's Opposed Motion in Limine (Doc. 28) is GRANTED in part and DENIED in part.

DATED this 10th day of March, 2026.

SUSAN P. WATTERS
United States District Judge

5